PER CURIAM.
This is an appeal from a final judgment entered pursuant to a non-jury trial of an action for breach of contract brought by the appellee/plaintiff against the appellant/defendant.
The trial court’s findings of fact and rulings are stated in the final judgment, as follows:
A. The parties entered into a sales agreement for computer equipment and that agreement was reduced to writing on forms prepared by the Defendant and utilized by it in the usual course of its business. The agreement provided that the purchase price for the computer equipment would be paid in part by credits given for traded-in merchandise. The defendant examined the tendered trade merchandise, found it to be in good order, and accepted possession of the merchandise. The amount of credits allowed for the traded-in merchandise towards the purchase price was $8,224.90.
B. On December 21, 1982 the Defendant repudiated the contract without cause. The Defendant’s contention that it was entitled to repudiate the contract because the Plaintiff failed to present sales slips for the traded-in equipment is without merit because the written agreement between the parties contained no provisions which imposed limitations or conditions such as the presentation of sales slips in order for a customer to receive a credit on a new purchase for returned equipment. Additionally, the written agreement between the parties provided that it constituted the entire agreement and that no statements not contained therein would be enforced or recognized.
C. It is horn-book law that where a party repudiates a contract without the fault of the other party, the latter may recover as damages the value of the contract. In the instant case the Court finds that the Plaintiff suffered damages in the amount of the cash equivalent of the credits provided for in the contract for the returned merchandise which totals $8,224.90 plus interest at the legal interest rate of 12% per annum from December 21, 1982, the date of repudiation of the contract by the Defendant, which amounts to $2,252.08.
D. The defense of commercial impracticability as contained in Florida Statutes, § 672.615, asserted by Defendant is not applicable to this case because Defendant knew at the time it entered into the contract that the product being purchased had been cancelled and would not be produced.
E. • The Court finds that Defendant, through its employee, entered into a contract to sell a DMP 2000 printer on November 14, 1982, to Plaintiff, knowing as early as October 18, 1982 that the product had been cancelled and would not be manufactured. The Court finds that the Plaintiff was deceived by Defendant-employee’s actions and frozen in the marketplace as, in effect, Defendant’s captive customer, persuaded not to re-enter the marketplace to purchase an alternative product with the same capacity and quality from another supplier, and would thereby be likely to purchase Defendant’s substitute product. This action by the Defendant, through its employee, is a violation of Florida Statute, Chapter 501.-204. The exculpatory clause in the agreement between the parties does not provide a defense in this type of action as it would be contrary to public policy.
It is, thereupon,
ORDERED and ADJUDGED as follows:
1. That the Plaintiff, Les Eisenberg, does have and recover of and from the Defendant the sum of $8,224.90, together with pre-judgment interest in the amount of $2,252.08, for a total sum of $10,-476.98, with interest thereon at the legal *929 interest rate of 12% per annum until paid, for all of which let execution issue according to law.
2. The Court reserves and retains jurisdiction to award costs upon application and notice of hearing, and pursuant to Florida Statutes, § 501.2105, to award Plaintiff’s attorney fees in the manner provided by said statute.
We have carefully considered the judgment appealed in the light of the record on appeal, briefs and arguments of counsel and have concluded that no reversible error has been demonstrated.
Affirmed.